Argued and submitted December 5, 1984, reversed and remanded January 23, 1985

# ROSSMAN,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (84-AB-672; CA A31736)

694 P2d 577

Kenenth W. Stodd, McMinnville, argued the cause and filed the brief for petitioner.

No appearance for respondent Employment Division.

No appearance for respondent Fast Eddie's.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Petitioner seeks review of an Employment Appeals Board order adopting a referee's decision denying him unemployment benefits on the ground that he voluntarily left work without just cause. ORS 657.176(2)(c).

Petitioner was employed as a night bartender at Fast Eddie's Restaurant and Lounge. He claims that he quit work because the management failed or refused to remedy certain OLCC violations by other employes which petitioner had called to management's attention. He believed that those violations placed his bartender's license in jeopardy.

"Just cause" is defined by OAR 471-30-038(4) as

"such [a cause] that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

The referee and EAB found that petitioner had reported the perceived violations to employer, that he became frustrated because he believed that employer did not take appropriate remedial action and quit because he was dissatisfied with management policies. In disqualifying petitioner, the referee and EAB concluded, apparently as a matter of law, that petitioner's concern was unjustified, because "if he had no control over the other employes, as he contends, then he cannot be held accountable for those [OLCC violations]."

The conclusion reached by the referee and EAB that petitioner would not be held responsible for violations by other employes is not supported by findings of fact or reference to any OLCC regulations. EAB did not conclude that, if petitioner's license were in jeopardy, that fact would not constitute just cause to leave work.

Reversed and remanded for reconsideration.